UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRUCE HOWARD                                                                                     PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:08CV629 DPJ-FKB

JACKSON EXPRESS HOTEL INVESTMENTS, LLC                               DEFENDANT

CONSOLIDATED WITH

VENISHA BROWNRIDGE                                                                        PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:09CV52 DPJ-FKB

JACKSON EXPRESS HOTEL INVESTMENTS, LLC                               DEFENDANT

ORDER

This cause is before the Court on motion of Plaintiffs to vacate the Order of Dismissal and enforce the settlement agreement entered into by the parties [28, 35]. On June 3, 2010, the Court entered an order [38] holding that Defendant failed to fulfill its obligations under the settlement agreement and further failed to comply with two court orders. Counsel for Plaintiffs was then instructed to supplement the record with the terms of the settlement agreement and a properly supported fee request.

I.     Enforcement of Settlement

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). The motion is hereby granted first because it is meritorious and second for Defendant's failure to comply with this Court's orders. Pursuant to the terms of the agreement, Defendant agreed to pay "$3,000.00 in full and complete satisfaction of all claims, fees and costs." *See* Ex. 1 to Bermel Aff. [39]. The dismissal [27] is vacated, and the matter is re-opened

for the sole purpose of entering judgment in the amount of $3,000.00 plus interest of $7.72 against Defendant.

II.     Attorney's Fees

Plaintiffs also seek $4,140.00 in attorney's fees for the time incurred attempting to consummate the settlement agreement. The Court finds that Defendant's failure to honor the settlement agreement entitles Plaintiffs to an award of fees.

The Court will employ the "lodestar" procedure, which determines the "product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). Lodestar presumably reflects a reasonable award, "but the district court may adjust it upward or downward in exceptional cases." *Id.* (citations omitted). There is nothing exceptional about this matter that would justify adjustment pursuant to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

    B.     Lodestar

        1.     Hours

Plaintiff has presented an affidavit from attorney Jennifer M. Bermel, who claims to have incurred 13.80 hours attempting to enforce the settlement. Bermel supports her claim with time sheet entries from March 2, 2010, through June 16, 2010. The entries offer sufficient detail to enable review of the time claimed. Moreover, while the Court could quibble slightly with the amount of time spent on various items, overall the time incurred was reasonable. Accordingly, the full 13.80 hours will be awarded.

2.  Reasonable Rates

Plaintiffs seek an hourly rate of $300.00. "Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) (applying rate that had been used in the community for similar cases). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits . . . ." *Scham v. Dist. Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998). "Generally, the reasonable hourly rate for a particular community is established through affidavits of *other* attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (emphasis added). "The court should also bear in mind that the fee applicant bears the burden of documenting the appropriate hours expended and hourly rates." *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535-36 (5th Cir. 1986) (citation omitted). "Where the documentation is inadequate, the [d]istrict [c]ourt has discretion to reduce the award accordingly." *Id*.

Plaintiffs presented no affidavits from other attorneys in this market. The sole support is the affidavit of Plaintiffs' counsel, who states that she "customarily" charges $300 per hour. However, counsel is located in Memphis, Tennessee, and she failed to demonstrate the compensation rate for similarly experienced attorneys performing wage and hour work in this market. *See Minter-Smith v. Mukasey*, No. 3:03cv1057-DPJ-JCS, 2008 WL 2164565, at *14 (S.D. Miss. May 22, 2008) (reducing hourly rate for out-of-state counsel seeking prevailing rate for different market). She further failed to establish her level of experience or expertise. Finally,

3

the type of work involved, while certainly important from a societal standpoint, is far from complex.

This Court has received affidavits in the past establishing a market rate of between $150 and $300 per hour for more complex cases handled by attorneys with decades of experience. The Court concludes that absent better supporting evidence, a rate of $175 per hour is appropriate.[1] As such, attorney's fees are awarded against Defendant in the amount of $2,415.00.

III.     Conclusion

Plaintiff's motion to vacate the dismissal [28] and motion to reurge the motion to vacate the dismissal [35] are granted. The order dismissing case [27] is vacated for the sole purpose of entering judgment as described above. The Clerk is directed to reopen this action.

In addition, attorney's fees in the amount of $2,415.00 are awarded. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] The original fee request provided no supporting record evidence, prompting the Court to allow Plaintiffs to supplement.